Matthew R. Bainer, Esq. (SBN 220972)
**THE BAINER LAW FIRM**
1901 Harrison St., Suite 1100
Oakland, California 94612
Telephone:    (510) 922-1802
Facsimile:    (510) 844-7701
mbainer@bainerlawfirm.com

Attorneys for Plaintiff Charish Espinosa

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARISH ESPINOSA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA COLLEGE OF SAN DIEGO, INC. a Utah corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-00744-MMA (BLM)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(3) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(4) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(5) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(6) Violation of California Business & Professions Code §§ 17200, *et seq.*<br><br>**Jury Trial Demanded** |

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1.      This class action is brought pursuant to California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because Defendants employed Plaintiff and other class members and continue to employ other class members in this county and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.  Cal. Civ. Proc. Code § 395.

**THE PARTIES**

5.      Plaintiff CHARISH ESPINOSA is a resident of National City, California, in San Diego County.

6.      Defendant CALIFORNIA COLLEGE OF SAN DIEGO, INC. ("CCSD") was and is, upon information and belief, a Utah corporation and, at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

7.      Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and

1    capacities become known.

2         8.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through

3    100 are the partners, agents, owners, shareholders, managers or employees of CCSD at all

4    relevant times.

5         9.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

6    acts and omissions alleged herein were performed by, or are attributable to, CCSD, and/or

7    DOES 1 through 100 (collectively "Defendants"), each acting as the agent, employee, alter

8    ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and

9    was acting within the course and scope of such agency, employment, joint venture, or

10   concerted activity with legal authority to act on the others' behalf.  The acts of any and all

11   Defendants represent and were in accordance with Defendants' official policy.

12        10.    At all relevant times, Defendants, and each of them, ratified each and every act

13   or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

14   and abetted the acts and omissions of each and all the other Defendants in proximately causing

15   the damages herein alleged.

16        11.    Plaintiff is informed and believes, and thereon alleges, that each of said

17   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

18   omissions, occurrences, and transactions alleged herein.

19                          **CLASS ACTION ALLEGATIONS**

20        12.    Plaintiff brings this action on her own behalf, as well as on behalf of each and

21   all other persons similarly situated, and thus, seeks class certification under California Code of

22   Civil Procedure section 382.

23        13.    All claims alleged herein arise under California law for which Plaintiff seeks

24   relief authorized by California law.

25        14.    Plaintiff's proposed class consists of and is defined as follows:

26             All individuals who worked for Defendants in the state of
               California as a non-exempt, hourly-paid employee at any time
27             during the period from four years prior to the filing of this
               Complaint until the date of certification ("Class").

28

15.     Members of the Class will hereinafter be referred to as "class members."

16.     Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

17.     There are common questions of law and fact as to the class members that predominate over questions affecting only individual members, including, but not limited to:

      (a)     Whether Defendants required Plaintiffs and class members to work off-the-clock without payment;

      (b)     Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiffs and class members;

      (c)     Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiffs and class members' overtime rate of pay was based;

      (d)     Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiffs and class members;

      (e)     Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

      (f)     Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

      (g)     Whether Defendants failed to pay all vested and unused vacation pay due to Plaintiffs and class members upon their discharge;

      (h)     Whether Defendants failed to timely pay wages due to Plaintiff and class members during their employment, including meal and rest period premium wages;

      (i)     Whether Defendants failed to timely pay wages due to Plaintiff and

CLASS ACTION COMPLAINT

class members upon their discharge, including meal and rest period premium wages;

(j)   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful or reckless;

(k)   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq*.; and

(l)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

18.   There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a)   Numerosity:  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be over forty and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)   Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

(c)   Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this

1    action, will continue to incur costs and attorneys' fees that have been,

2    are and will be necessarily expended for the prosecution of this action

3    for the substantial benefit of each class member.

4    (d)    Superiority:  The nature of this action makes the use of class action

5    adjudication superior to other methods.  A class action will achieve

6    economies of time, effort, and expense as compared with separate

7    lawsuits, and will avoid inconsistent outcomes because the same issues

8    can be adjudicated in the same manner and at the same time for the

9    entire class.

10    (e)    Public Policy Considerations:  Employers in the State of California

11    violate employment and labor laws every day.  Current employees are

12    often afraid to assert their rights out of fear of direct or indirect

13    retaliation.  Former employees are fearful of bringing actions because

14    they believe their former employers might damage their future

15    endeavors through negative references and/or other means.  Class

16    actions provide the class members who are not named in the complaint

17    with a type of anonymity that allows for the vindication of their rights at

18    the same time as their privacy is protected.

19    **GENERAL ALLEGATIONS**

20    19.    The private college "California College of San Diego" was founded by

21    acquisition of its predecessor institution in 1997.

22    20.    CCSD operates schools of business, healthcare technology and graphic arts

23    which collectively offer associate, bachelors and masters degrees.

24    21.    According to Defendants' website, the college believes almost every one of its

25    students is potentially qualified for some form of financial aid and Defendant offers its

26    students assistance in obtaining federal, state, institutional and private financial aid to pay

27    tuition.

28    22.    Defendants employed Plaintiff as a non-exempt, hourly-paid employee, in its

financial aid department from approximately September 2011 to February 2014 at Defendants' San Diego, California, college.

23.     Plaintiff's job duties included, amongst other activities, conducting prescheduled interviews of student financial aid applicants and completing associated paperwork concerning those students aid applications. These interviews were scheduled for specific times and dates and Plaintiff was required to obtain and then record specific items of information.

24.     As a result of the requirements of her work duties, including those discussed above, Plaintiff was often unable to complete her work duties within her scheduled work day and take full and duty free meal and rest breaks. As a result, in order to complete her required work duties, Plaintiff was often required to forgo her off-duty rest breaks, skip or take a late meal period, and/or perform work duties while off-the-clock during her scheduled meal period.

25.     Plaintiff is informed and believes, and thereon alleges, that Defendants' supervisors and managers, including but not limited to Myra Lomahan, were or should have been aware, that Plaintiff's work duties had resulted in her being denied all statutorily required rest and meal periods and required her to perform work duties while off-the-clock as described herein.

26.     Despite being denied all statutorily required rest and meal periods and required her to perform work duties while off-the-clock as described herein, Plaintiff was never paid one (1) additional hour of pay at Plaintiff's regular rate of pay for any missed or late meal or rest period or paid any wages for the time she spent working while off-the-clock.

27.     Defendants continue to employ non-exempt, hourly-paid employees at multiple campuses throughout California.

28.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

29.     Plaintiff is informed and believes, and thereon alleges, that employees were not paid for all hours worked because all hours worked were not recorded.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid at a regular rate of pay, and corresponding overtime rate of pay, that included as eligible income all income derived from non-discretionary bonuses.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff and other class members' regular rate of pay when a rest period was missed.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

should have known that Plaintiff and other class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and other class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

36.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to timely payment of wages upon termination.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to meal and rest period premium wages, within permissible time periods.

37.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and other members of the class, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against All Defendants)**

38.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

39.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

40.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

1  compensating them at a rate of pay either time-and-one-half or two-times that person's regular

2  rate of pay, depending on the number of hours worked by the person on a daily or weekly

3  basis.

4        41.    Specifically, the applicable IWC Wage Order provides that Defendants are and

5  were required to pay Plaintiff and class members employed by Defendants, and working more

6  than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-

7  and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40)

8  hours in a workweek.

9        42.    The applicable IWC Wage Order further provides that Defendants are and were

10  required to pay Plaintiff and class members employed by Defendants, and working more than

11  twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate

12  of pay.

13        43.    California Labor Code section 510 codifies the right to overtime compensation

14  at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

15  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

16  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

17  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

18  of work.

19        44.    During the relevant time period, Plaintiff and class members worked in excess

20  of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty

21  (40) hours in a week.  During the relevant time period, Plaintiff and other class members

22  worked off-the-clock during meal breaks.  For example, Defendants had a policy and/or

23  practice of failing to adequately staff their non-exempt positions and of failing to properly

24  coordinate employee schedules such that Plaintiff and other class members were relieved of

25  all duties and permitted to take compliant meal breaks.  Instead, Plaintiff and other class

26  members were required to work through meal periods, cut their meal periods short, suffer

27  interruptions during meal periods, and/or take meal periods after extended periods of time as a

28  result of Defendants' staffing and scheduling practices.  Because Plaintiff and class members

worked shifts of eight (8) hours a day and/or forty (40) hours in a week, some of this off-the-clock work qualified for overtime premium.

45.    Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

46.    Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

**(Against All Defendants)**

47.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

48.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  As set forth above, Defendants regularly required Plaintiff and class members to work off-the-clock.  Defendants did not pay at least minimum wages for all of these off-the-clock hours.  Also, to the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1194, 1197, and 1197.1.

49.    Defendants' failure to pay Plaintiff and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

50.    Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violations of California Labor Code §§ 226.7 and 512(a)—Unpaid Meal Period Premiums**

**(Against All Defendants)**

51.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

52.    At all relevant times herein set forth, the applicable California Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants and each of them.

53.    At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California Industrial Welfare Commission (IWC).

54.    At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

55.    During the relevant time period, Plaintiff and other class members scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

56.    During the relevant time period, Defendants willfully required Plaintiff and other class members to work during meal periods and failed to compensate them for work performed during meal periods.  For example, Defendants had a policy and/or practice of failing to staff their non-exempt positions adequately and failed to properly coordinate employee schedules such that Plaintiff and other class members were relieved of all duties and

permitted to take compliant meal breaks.  Instead, Plaintiff and other class members were required to work through meal periods, cut their meal periods short, suffer interruptions during meal periods, and/or take meal periods after the fifth hour of work because of Defendants' practices.  Defendants then failed to pay Plaintiff and other class members all meal period premiums due pursuant to California Labor Code section 226.7.

57.     Defendants' conduct violates applicable Industrial Welfare Commission (IWC) Wage Order(s), and California Labor Code sections 226.7 and 512(a).

58.     Pursuant to the applicable Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code section 226.7(b), Plaintiff and other class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code § 226.7—Unpaid Rest Period Premiums**

**(Against All Defendants)**

59.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

60.     At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and class members' employment by Defendants.

61.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

62.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

63.     During the relevant time period, Defendants required Plaintiff and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  As with meal periods, Defendants failure to properly staff and coordinate employees' schedules lead to their being unable to take compliant rest breaks, even where they had knowledge about their rest break rights. Defendants then failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.  As a result, Defendants failed to pay Plaintiff and other class members rest period premiums in violation of California Labor Code section 226.7.

64.     During the relevant time period, Defendants failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.

65.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

66.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination**

**(Against All Defendants)**

67.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

68.     This cause of action is wholly derivative of and dependent upon the unpaid wage claims set forth for unpaid overtime wages, unpaid minimum wages, and unpaid meal and rest period premium wages, which remained unpaid upon termination of Plaintiff and class members' employment.

69.     At all times herein set forth, California Labor Code sections 201 and 202

provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

70.     During the relevant time period, Defendants willfully failed to pay class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

71.     Defendants' failure to pay Plaintiff and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

72.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

73.     Plaintiff and class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

**Violation of California Business & Professions Code §§ 17200, *et seq.***

**(Against All Defendants)**

74.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

75.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

Page 14

1   unlawful and harmful to Plaintiff class members, and to the general public.  Plaintiff seeks to

2   enforce important rights affecting the public interest within the meaning of Code of Civil

3   Procedure section 1021.5.

4      76.    Defendants' activities, as alleged herein, are violations of California law, and

5   constitute unlawful business acts and practices in violation of California Business &

6   Professions Code sections 17200, *et seq.*

7      77.    A violation of California Business & Professions Code sections 17200, *et seq.*

8   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

9   policies and practices have violated state law in at least the following respects:

10          (a)    Requiring non-exempt employees, including Plaintiff and class

11                 members, to work overtime without paying them proper compensation

12                 in violation of California Labor Code sections 510 and 1198 and the

13                 applicable Industrial Welfare Commission Order;

14          (b)    Failing to pay at least minimum wage to Plaintiff and class members in

15                 violation of California Labor Code sections 1194, 1197 and 1197.1 and

16                 the applicable Industrial Welfare Commission Order;

17          (c)    Failing to provide meal and rest periods or to pay premium wages for

18                 missed meal and rest periods to Plaintiff and class members in violation

19                 of California Labor Code sections 226.7 and 512 and the applicable

20                 Industrial Welfare Commission Order; and

21          (d)    Failing to timely pay all earned wages to Plaintiff and class members in

22                 violation of California Labor Code section 204 and the applicable

23                 Industrial Welfare Commission Order as set forth below.

24      78.    California Labor Code section 1198 makes it illegal to employ an employee

25   under conditions of labor that are prohibited by the applicable wage order.  California Labor

26   Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

27   shall be the . . . standard conditions of labor for employees.  The employment of any employee

28   . . . under conditions of labor prohibited by the order is unlawful."

CLASS ACTION COMPLAINT

79.     California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  During the relevant time period, Defendants failed to pay Plaintiff and class members all wages due to them, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within any time period specified by California Labor Code section 204.

80.     Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.     For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000).

### Class Certification

2.     That this case be certified as a class action;

3.     That Plaintiff be appointed as the representative of the Class;

4.     That counsel for Plaintiff be appointed as Class Counsel.

**As to the First Cause of Action**

5.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to Plaintiff and class members;

11.    For general unpaid wages and such general and special damages as may be appropriate;

12.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

15.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16.    That the Court declare, adjudge, and decree that Defendants violated California

Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC) Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

17.     That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

18.     For all actual, consequential, and incidental losses and damages, according to proof;

19.     For premiums pursuant to California Labor Code section 226.7(b);

20.     For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

21.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

22.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

23.     That the Court make an award to the Plaintiff and class members of one (l) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

24.     For all actual, consequential, and incidental losses and damages, according to proof;

25.     For premiums pursuant to California Labor Code section 226.7(b);

26.     For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

27.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

28.     That the Court declare, adjudge and decree that Defendants violated California

1  Labor Code sections 201, 202, and 203 by willfully failing to pay all overtime wages,

2  minimum wages, and meal and rest period premium wages owed at the time of termination of

3  the employment of Plaintiff and other class members no longer employed by Defendants.

4      29.    For all actual, consequential and incidental losses and damages, according to

5  proof;

6      30.    For statutory wage penalties pursuant to California Labor Code section 203 for

7  Plaintiff and all other class members who have left Defendants' employ;

8      31.    For pre-judgment interest on any unpaid wages from the date such amounts

9  were due; and

10      32.    For such other and further relief as the Court may deem equitable and

11  appropriate.

12                              **As to the Sixth Cause of Action**

13      33.    That the Court declare, adjudge and decree that Defendants violated California

14  Business and Professions Code sections 17200, *et seq.* by failing to pay overtime

15  compensation due, failing to pay at least minimum wages for all hours worked, failing to

16  provide meal and rest periods or premium wages in lieu thereof, and failing timely to pay all

17  earned wages during employment and upon termination;

18      34.    For restitution of unpaid wages to Plaintiff and all class members and

19  prejudgment interest from the day such amounts were due and payable;

20      35.    For the appointment of a receiver to receive, manage and distribute any and all

21  funds disgorged from Defendants and determined to have been wrongfully acquired by

22  Defendants as a result of violations of California Business & Professions Code sections 17200

23  *et seq.*;

24      36.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

25  California Code of Civil Procedure section 1021.5; and

26      37.    For such other and further relief as the Court may deem equitable and

27  appropriate.

28

1    Dated: June 1, 2017                          Respectfully submitted,

2                                                 The Bainer Law Firm

3

4                                     By: _____

5                                                 Matthew R. Bainer, Esq.

6                                                 Attorneys for Plaintiff Charish Espinosa

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28